**Harrison Foster CAMPBELL,**
**Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS'**
**COMPENSATION PROGRAMS,**
**UNITED STATES DEPARTMENT**
**OF LABOR, Respondent.**

No. 00–3531.

United States Court of Appeals,
Sixth Circuit.

Nov. 13, 2001.

Before BOYCE F. MARTIN, JR., Chief
Judge; CLAY, Circuit Judge; and
GARWOOD, Circuit Judge.*

PER CURIAM.

Harrison Foster Campbell appeals an
order of the Benefits Review Board affirm-
ing an administrative law judge's decision
denying Campbell benefits under the
Black Lung Benefits Act, 30 U.S.C.
§§ 901–45. For the following reasons,
Campbell's case is REMANDED for fur-
ther consideration.

Campbell was born in 1944, and began
working in coal mining at an early age. In
1991, he stopped working because of respi-
ratory difficulties. In 1994, he filed this,
his third claim for black lung benefits.
After a hearing, the administrative law
judge issued a decision denying benefits
because it found that Campbell was not
totally disabled. The Benefits Review
Board affirmed the administrative law
judge's decision.

On appeal, Campbell argues that his
treating physician's opinion, that Campbell
is totally disabled, was entitled to greater
weight than the contrary opinions of two
other doctors.

To recover under the Act, a black lung
benefits claimant must prove that he has
pneumoconiosis, that it arose out of his
coal mine employment, and that he is total-
ly disabled. Each element must be estab-
lished by a preponderance of the evidence,
unless the claimant is aided by a presump-

---

* The Honorable William L. Garwood, Circuit
Judge of the United States Court of Appeals
for the Fifth Circuit, sitting by designation.

tion. *Adams v. Director, OWCP,* 886 F.2d 818, 820 (6th Cir.1989). Here, the Department of Labor conceded the existence of pneumoconiosis and Campbell was entitled to a rebuttable presumption that the disease arose out of his coal mine employment because he worked in coal mines for more than ten years. *See* 20 C.F.R. § 718.203. Therefore, the administrative law judge analyzed the medical evidence solely on the issue of total disability under 20 C.F.R. § 718.204(c).

The black lung benefits regulations, however, provide for an irrebuttable presumption of total disability when the claimant establishes complicated pneumoconiosis. 20 C.F.R. § 718.204(b). Because the Department of Labor conceded the existence of pneumoconiosis, the administrative law judge did not address the X-ray evidence. Accordingly, the administrative law judge did not note that Dr. Wiot, a Board-certified radiologist and B-reader especially trained to interpret X-rays for pneumoconiosis, reported that four X-rays of Campbell's lungs demonstrated complicated pneumoconiosis.

Dr. Wiot's report appears to establish the existence of complicated pneumoconiosis; therefore, Campbell may not have been required to prove his total disability. Because the administrative law judge did not address the evidence on this issue, Campbell's petition for review is granted and this case is REMANDED for further consideration.